# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61907-CIV-STRAUSS

PLATINUM PROPERTIES INVESTOR
NETWORK, INC.; THE HARTMAN
MEDIA COMPANY, LLC; and JASON
HARTMAN,

    Plaintiffs,

v.

CHARLES SELLS; STEPHANIE
PUTICH; YOUNG CHUNG; THE PIP-
GROUP, LLC; BLINDSPOT DIGITAL,
LLC; ELENA CEBOTARI SELLS; and
JOHN DOES 1-8,

    Defendants.

_____/

MC424 - 001

## FINAL JUDGMENT

This case was tried to a jury, which returned a verdict in favor of Plaintiffs on September 1, 2022. The Court enters this Final Judgment:

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, in accordance with the jury verdict delivered on September 1, 2022, and this Court's Orders, Final Judgment is hereby entered in favor of Plaintiffs, Platinum Properties Investor Network, Inc. ("PPIN"), the Hartman Media Company, LLC ("HMC"), and Jason Hartman ("Hartman"), and against Defendants Charles Sells ("Sells"), Stephanie Putich ("Putich"), Young Chung ("Chung"), The PIP-Group LLC ("PIP-Group"), Blindspot Digital, LLC ("Blindspot"), and Elena Cebotari Sells ("Lena") (collectively, "Defendants"), as follows:

[Stamp: Certified to be a true and correct copy of the document on file. Angela E. Noble, Clerk, U.S. District Court, Southern District of Florida. By [signature], Deputy Clerk. Date 10/3/2022]

  a. Sells, Putich, PIP-Group, Chung, Blindspot and Lena willfully counterfeited or contributorily counterfeited two trademarks, JASON HARTMAN and JASONHARTMAN.COM, both of which are owned by HMC;

  b. Sells willfully violated the Federal Anti-Cybersquatting Consumer Protection Act by his registration of the following six domain names that violate registered trademarks owned by HMC:

(1) jasonhartmanproperties.com; (2) jasonhartmaninvestments.com;

(3) jasonhartmanrealestateinvestments.com; (4) jasonhartmanmedia.com;

(5) jasonhartmanpropertyinvestments.com; and

(6) jasonhartmaninvestmentproperties.com;

  c. Sells, Putich, and PIP-Group committed federal and Florida Common Law Unfair Competition against PPIN and HMC;

  d. Sells, Putich, PIP-Group, Chung, Blindspot, and Lena committed federal and Florida statutory false advertising against PPIN and HMC;

  e. Sells, Putich, Chung, and Lena violated 18 U.S.C. §1962(c) and (d) (Federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and RICO conspiracy) against Plaintiffs;

  f. Sells, Putich, Chung, and Lena violated Florida Statutes 772.103 and 772.104 (Florida RICO and RICO conspiracy);

  g. Sells, Putich, PIP-Group, Chung, Blindspot, and Lena engaged in a Florida Civil Conspiracy against Plaintiffs;

  h. Sells, Putich, PIP-Group, Chung, Blindspot, and Lena committed common law and Florida statutory Invasion of Privacy (Fla. Stat. §540.08) against Hartman;

  i. Plaintiffs shall be entitled to recover their costs and reasonable attorneys' fees pursuant to, at least, 18 U.S.C. §1964(c) and Florida Statute 817.41(6);

  j. Plaintiffs have established entitlement to a permanent injunction as to the trademarks in suit, namely JASONHARTMAN and JASONHARTMAN.COM;

  k. Plaintiffs have established entitlement to a permanent injunction as to the use of Hartman's name and likeness; and

  l. This Final Judgment incorporates all previous orders in the case.

Accordingly, **IT IS HEREBY ORDERED** and **ADJUDGED**:

  1. Sells is liable to pay **$600,000** in statutory damages to HMC for cybersquatting pursuant to Count V;

  2. Sells, Putich, Chung and Lena are jointly and severally liable to pay to HMC and PPIN the amount of **$9,000,000** in actual damages pursuant to RICO liability in Counts VIII and IX (or alternatively, Counts X and XI), which is calculated based on the Jury award of $3,000,000 being trebled pursuant to 18 U.S.C. §1964(c) (or alternatively, Fla. Stat. §772.104);

  3. PIP-Group and Blindspot are jointly and severally liable to pay to HMC and PPIN the amount of **$4,500,000** pursuant to Count XII for Florida Statutory False Advertising;

  4. Sells, Putich, PIP-Group, Chung, Blindspot and Lena are jointly and severally liable to pay damages to Hartman in the amount of **$3,000,000** in actual damages pursuant to Counts XXII and XXIII for Florida Common Law and Statutory Invasion of Privacy;

5. Defendant Sells is liable to pay **$3,000,000** in punitive damages to HMC and PPIN as assessed by the Jury for Count XIV for Florida Common Law Unfair Competition;

6. Defendant Sells is liable to pay **$2,500,000** in punitive damages to Hartman as assessed by the Jury for Counts XXII and XXIII;

7. Defendant PIP-Group is liable to pay **$2,000,000** in punitive damages to HMC and PPIN as assessed by the Jury for Count XIV;

8. Defendant PIP-Group is liable to pay **$1,000,000** in punitive damages to Hartman as assessed by the Jury for Counts XXII and XXIII;

9. Defendant Putich is liable to pay **$500,000** in punitive damages to HMC and PPIN as assessed by the Jury for Count XIV;

10. Defendant Putich is liable to pay **$500,000** in punitive damages to Hartman as assessed by the Jury for Counts XXII and XXIII;

11. Defendant Chung is liable to pay **$500,000** in punitive damages to Hartman assessed by the Jury for Counts XXII and XXIII;

12. Defendant Blindspot is liable to pay **$500,000** in punitive damages to Hartman assessed by the Jury for Counts XXII and XXIII;

13. Defendant Lena is liable to pay **$500,000** in punitive damages to Hartman assessed by the Jury for Counts XXII and XXIII;

14. Plaintiffs are entitled to reasonable attorney's fees and costs, to be determined by the Court upon the submission of briefs and evidence after entry of judgment or a stipulation as to the amount by the parties;

15. Sells is liable to pay **$141,038.79** in prejudgment interest to Plaintiff HMC;

16. Defendants are jointly and severally liable to pay $197,586.45 in prejudgment interest to Plaintiffs PPIN and HMC;

17. Plaintiffs shall be awarded post-judgment interest in the amount of 3.478% per annum of the final judgment (excluding interest on trebled and punitive damages), from the date of the entry of judgment;

**FOR WHICH SUMS LET EXECUTION ISSUE.**

18. Sells, Putich, PIP-Group, Chung, Blindspot and Lena, their agents and employees, and all persons in act of concert or participation with them are PERMANENTLY ENJOINED from using the JASON HARTMAN and/or JASONHARTMAN.COM trademarks or any substantially similar variation thereof to market, promote, or sell any commercial products or services;

19. Sells, Putich, PIP-Group, Chung, Blindspot and Lena, their agents and employees, and all persons in act of concert or participation with them are PERMANENTLY ENJOINED from using HARTMAN's name or likeness to market, promote, or sell any commercial products or services.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of September 2022.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies furnished to:

Counsel of Record